**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JEFFREY DUFF

Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JEFFREY DUFF, sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES and alleges:

**I. PRELIMINARY ALLEGATIONS**

1. This is an action is in excess of $75,000, exclusive of costs and attorney's fees.

2. Plaintiff JEFFREY DUFF is a citizen of the state of New York.

3. Defendant CARNIVAL is a foreign corporation with its base of operations/corporate headquarters in the state of Florida.

4. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then Plaintiff elects to proceed under the admiralty jurisdiction of the court.

5. At all times material hereto, Defendant was authorized to transact business and maintains an office in Miami-Dade County, Florida.

6. At all times material hereto, Defendant personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial and not isolated business activity within this state.

c. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. Venue is proper because Plaintiff's passenger ticket requires that suit be filed in federal court Miami-Dade County, Florida.

9. At all times relevant to this action, Defendant was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, Carnival Liberty.

10. At all times material to this action, the vessel Carnival Liberty was located in navigable waters.

11. At all times material to this action, Defendant owned, operated, managed, maintained and/or controlled the vessel Carnival Liberty and its agents and/or employees.

12. On or about November 27, 2015, Plaintiff was a paying passenger onboard a cruise on Defendant's vessel Carnival Liberty, which was in navigable waters. A copy of his ticket and/or an exemplar ticket is in Defendant's possession.

**II. COUNT I - NEGLIGENCE**

13. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 12 as though alleged originally herein.

14. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

15. On or about November 27, 2016, Plaintiff fell due to an unmarked hole where a grate had been removed from the floor on deck 9 on board Defendant's vessel Carnival Liberty suffering injuries.

16. Plaintiff's suffered injuries to his ankle, hip and back. He required medical treatment from the ship physician. Upon returning home from the cruise, Plaintiff received medical treatment. Plaintiff continues to suffer from the injuries and needs additional medical treatment.

17. The grate cover was removed in the area of the incident leaving a hole in the floor.

18. Defendant failed to barricade or block the area of the hole in the floor and failed to properly warn of the unmarked hole in the floor.

19. On or about November 27, 2016, Defendant and/or its agents, servants, and/or employees

breached its duty to provide Plaintiff with reasonable care under the circumstances.

23. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows: a. Failed to have safe flooring in the area of the subject incident, and/or; b. Failed to have adequate visual cues, markings and/or warnings of the missing grate/hole in the floor in the area of the subject incident, and/or; c. Failed to barricade the hole in the floor in the area of the subject incident, and/or; d. Allowed passengers to walk in that area of an unmarked hole in the floor, and/or; e. Failed to timely replace the grate on the floor in the subject area, and/or; f. Failed to warn plaintiff of the danger of the missing grate and hole in the floor in the subject area; and/or g. Failure to use reasonable care to provide and maintain a proper and safe floor area, and/or h. Failure to promulgate and enforce reasonable rules and regulations to insure the safety of the passengers and more particularly the Plaintiff, while traversing the floor area, and/or i. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident, and/or j. Failure to follow sound safety practices with the goal of providing passengers with a safe floor, and/or; k. Prior to Plaintiff's incident Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard and/or l. Failed to adequately inspect the floor in the subject area to make sure in a safe condition for passengers to traverse that area; m. Failed to adequately warn plaintiff of the missing grate and hole in the floor in the subject area; and/or n. Failed to block passengers access to subject floor area when the grate was missing and/or hole in floor, and/or; o. Failed to adequately inspect the subject area to make sure reasonably safe, and/or; p. Failed to timely replace the grate in the subject area, and/or; q. Plaintiff may have received bad medical care from the ship's medical personnel, and/or; r. Failed to adequately train, instruct and/or supervise the crew with respect to the subject area, all of which caused Plaintiff to be injured when he fell.

24. At all material times, Defendant had exclusive custody and control of the above named vessel.

25. At all material times, Defendant created the foregoing dangerous condition.

26. At all times material hereto, Defendant negligently failed to determine the hazards on and near the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed

to properly warn Plaintiff of the hazard.

27. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

28. Defendant created the condition that caused Plaintiff’s injuries.

29. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

MEISTER LAW, LLC
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, FL 33130
TEL: (305) 590-5570
FAX: (305) 675-3787
E-MAIL: TonyaJMeister@aol.com
*Attorney for Plaintiff*

BY: s/TonyaJMeister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243